EWALD R. DIEMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diemer v. Commissioner
Docket No. 3164-72.
United States Tax Court
T.C. Memo 1975-127; 1975 Tax Ct. Memo LEXIS 245; 34 T.C.M. (CCH) 604; T.C.M. (RIA) 750127; May 6, 1975, Filed Dougal C. Pope, for the petitioner. Thomas M. Ingoldsby, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1968 and 1969 in the amounts of $3,368 and $3,559.42, respectively. The issue is whether petitioner is entitled to deduct depreciation and the cost of maintaining and operating a single-engine airplane which he personally owned. FINDINGS OF FACT Ewald R. Diemer (hereinafter referred to as petitioner) was a resident of the State of Texas at the time the petition was filed. Federal income tax returns for years *246 1968 and 1969 were filed by petitioner. Petitioner received a bachelor of science degree in aeronautical engineering from the University of Illinois in 1952. During the years 1952 to 1968, petitioner worked as an aeronautical engineer for American Airlines, McDonnell Aircraft Company, and the Federal government. During this same period, petitioner also took additional courses in aeronautical engineering for which he received no additional degrees. Petitioner was employed as an aerospace engineer (Flight Systems) at the Johnson Space Flight Center in Houston, Texas from sometime prior to January 1, 1968 until September 21, 1969. Petitioner was employed as an engineer in the Experimental Facility Techniques Branch of the Johnson Space Flight Center from September 21, 1969 through December 31, 1969. Petitioner worked in the Space Environment Simulation Laboratory, the main function of which was to simulate the flight environment to be encountered by the Apollo Command Service Module and the Apollo Lunar Module and to determine whether the spacecrafts were suitable for flight. During the period January 1, 1968 through September 21, 1969, petitioner performed in the Flight Systems *247 testing section and his duties were to act as coordinator between the contractors for one of the spacecrafts' subsystems and the laboratory personnel testing the subsystem and to review the documentation associated with the subsystem to make sure that it was technically adequate to perform its designed function. From September 21, 1969 through December 31, 1969, petitioner's principal responsibilities were to monitor the activities of the contractors who maintained the testing facilities at the laboratory and to identify special problems associated with the testing facilities. Throughout 1968 and 1969, petitioner owned a 1964 Mooney Super 21 airplane. The plane was a single-engine aircraft seating a pilot and three passengers and had an average cruising speed of 182 miles per hour. Petitioner provided the parts necessary to maintain and repair the plane. Petitioner and/or a licensed airplane mechanic performed repairs and maintenance on the plane. In 1968, petitioner expended $10,143.13 in connection with the operation and maintenance of his plane. On his 1968 income tax return, petitioner claimed a total deduction for his plane of $10,337. Of this amount $6,762 was claimed as *248 expenses incurred in the operation and maintenance of the plane for non-personal purposes and $3,575 was claimed as a deduction for depreciation. In 1969, petitioner expended $6,777.29 in connection with the operation and maintenance of his plane. On his 1969 income tax return, petitioner claimed a total deduction for his plane of $10,352.55. Of this amount $6,777.29 was claimed as expenses incurred in the operation and maintenance of the plane and $3,575.26 as a deduction for depreciation. In a statutory notice of deficiency dated February 2, 1972, respondent disallowed the total amount of $10,337 claimed as deductions in 1968 and disallowed $10,102.77 of the amount claimed as deductions in 1969. OPINION Section 162 [1] provides for a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 167 [2] provides that there shall be allowed a depreciation deduction for the exhaustion, wear and tear of property used in a trade or business or property held for the production of income. Petitioner contends that the expenditures on and use of his private airplane were in connection with his trade or business of *249 being an employee/engineer for Johnson Space Flight Center. Respondent contends that they were not incurred in connection with his trade or business. Before expenditures are considered ordinary and necessary business expenses under section 162, it must be established that they bear a proximate and direct relationship to the taxpayer's trade or business. Kornhauser v. , and , affirmed *250 (C.A. 7, 1969). In this case Mr. James C. McLane, Jr. (hereinafter McLane), Chief of the Space Environment Test Division of the Johnson Space Flight Center in 1968 and 1969, testified that there was no requirement that petitioner own an airplane in order to retain his engineering position. He also testified that airplane ownership was not a factor in preparing evaluations of petitioner's performance. Furthermore, McLane testified that, in his opinion, a spacecraft is a much more complex and sophisticated mechanism than an airplane of the type owned by petitioner and that qualifications for working on a spacecraft would in no way be comparable to the qualifications for working on an airplane. He also testified that he did not know in what way working on an individual airplane by petitioner would be helpful and beneficial to him in connection with his job working for the Space Center. The only proof which petitioner offered that the experience of working on his private plane was beneficial to his job as an engineer was his own self-serving testimony. For a business deduction to be allowed there must be a showing of a more direct and substantial relationship to his skills and his employment *251 than that offered by petitioner. While petitioner's skill as an aeronautical engineer was important to his work, he has not established that it was necessary for him to own and fly his own aircraft to utilize this skill. . Petitioner contends that the expenditures made in connection with the operation of his private airplane represent an ordinary and necessary business expense because they were "appropriate and helpful" to the taxpayer in connection with his business. Petitioner cites in support of this proposition the cases of (C.A. 2, 1970), affirming a Memorandum Opinion of this Court, and . In those cases the expenses in question were clearly related to the taxpayer's trade or business, and are thus distinguishable. In this case, petitioner has not surmounted the initial hurdle that expenses be related to his trade or business. Since we have found that petitioner's ownership of the airplane was not related to his trade or business, he likewise is not entitled to deductions for depreciation under section 167. We *252 therefore hold that petitioner is not entitled to any deductions for expenses or depreciation on his airplane in excess of those allowed by respondent on his 1968 and 1969 income tax returns. Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise indicated. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
2. SEC. 167. DEPRECIATION. (a) General Rule.--There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)-- (1) of property used in the trade or business, or (2) of property held for the production of income.↩